UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA

IN RE: TAMARA PARADISSIS            :            BANKRUPTCY NO. 17-16197JKF

Debtor            :            CHAPTER 7

### DEBTOR'S AMENDED MOTION TO AVOID THE JUDICIAL LIEN OF PORTFOLIO RECOVERY ASSOCIATES LLC

1. TAMARA PARADISSIS, the Debtor in the above-captioned Chapter 7 Bankruptcy case, hereby presents the following Motion to Avoid the Judicial Lien of PORTFOLIO RECOVERY ASSOCIATES LLC, and in support thereof respectfully avers as follows:

2. TAMARA PARADISSIS, the Debtor in the above-captioned Chapter 7 Bankruptcy case, filed a Petition for Relief under Chapter 7 of the Bankruptcy Abuse Prevention and Consumer Protection Act as of the above docket number on September 12, 2017.

3. On November 2, 2016, PORTFOLIO RECOVERY ASSOCIATES, LLC entered judgment against the Debtor in the amount of $2,733.22 in the Court of Common Pleas of Bucks County as of Docket Number 2016-01861.

4. On December 12, 2016, PORTFOLIO RECOVERY ASSOCIATES, LLC entered judgment against the Debtor in the amount of $4,663.76 in the Court of Common Pleas of Bucks County as of Docket Number 2016-05947.

5. In the Debtor's Schedule A, Real Property, the Debtor listed her interest in her home at 1628 Super Highway, Langhorne, PA 19047 as a real estate asset that she owns with a current market value of $229,000. Debtor owns the property as tenants in common with an unrelated third party.

6. In Debtor's Schedule D, the Debtor listed a first mortgage against her home held by the Pennsylvania Housing Finance Agency in the amount of $201,122.

7. In the Debtor's Schedule C, Exempt Property, the Debtor claimed an exemption in her home for the entire amount of her interest, pursuant to 11 U.S.C. 522(d)(1).

8. In her Schedule B, Personal Property, the Debtor listed a 1980 Prowler trailer and a

scrap 1994 Honda Coup with negligible value as automobiles that she owns with an approximate value of $500.

9. In her Schedule C, she claimed an exemption for the full value of the automobiles pursuant to 11 U.S.C. 522(d)(2).

10. In the Debtor's Schedule B, Personal Property, she listed household goods and furnishings with a value of $2,500.00, electronics with a value of $1,000, clothing with a value of $300.00, and a lawnmower with a value of $100.

11. In her Schedule C, Debtor fully exempted her household goods, electronics, clothing, lawn mower, totaling $3,900 pursuant to 11 U.S.C. 522(d)(3).

12. In her Schedule B, Debtor listed two necklaces and costume jewelry totaling $100 which she fully exempted on Schedule C pursuant to 11 U.S.C. 522(d)(4).

13. In her Schedule B, Debtor listed a checking and two savings accounts with a combined balance of $945, which she claimed as exempt on her Schedule C pursuant to 522 U.S.C. 522(d)(5).

14. On her Schedule B, Debtor listed 401k with a balance of $20,229.12 which she fully exempted on Schedule C pursuant to 11 U.S.C. 522(b)(3)(C).

15. All of Debtor's property is exempt from the reach of creditors.

16. The Debtor was granted a discharge order on January 4, 2018.

17. The lien of the Judgments against Debtor's property will survive the discharge unless avoided.

18. In order to clear title on Debtor's property, Debtor wishes to avoid the liens of the Judgment on the basis that they impair her exemptions.

WHEREFORE, the Debtor prays that the court enter an Order GRANTING her Motion to Avoid the judicial liens of PORTFOLIO RECOVERY ASSOCIATES, LLC.

Respectfully submitted,

Dated: .                    ··                              /s/ Kristine A. Michael